# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KENNETH BALDWIN,

    Petitioner,

:

Case No. 1:11-cv-15

-vs-

:

District Judge S. Arthur Spiegel
Magistrate Judge Michael R. Merz

Warden, Madison Correctional Institution,

:

    Respondent.

## DECISION AND ORDER

    This habeas corpus case is before the Court on Petitioner's Motion to Place Writ of Habeas Corpus Petition in Abeyance to Allow Petitioner to Exhaust his State Court Remedies (Doc. No. 12). Petitioner avers that he had, as of the time the Motion was filed, pending in the Hamilton County Common Pleas Court, a motion to vacate sentence on grounds the judgment did not specify that he was being placed on a mandatory term of post-release control. That motion was filed November 29, 2010, and remained pending as of the date the Return of Writ was filed, May 9, 2011 (Return, Doc. No. 10, PageID 85.)

    Petitioner pleads the following Grounds for Relief:

> **Ground One:** Fifth Amendment right to remain silence [sic] was violated when State used this right against Defendant at trial.
>
> **Supporting Facts**: Argument to the jury that Defendant did not deny being present at the scene is improper comment on Defendant's exercise of his right to silence.
>
> **Ground Two:** Defendant was denied his right of confrontation.

> **Supporting Facts:** Testimony that Jomar Lyles was interviewed and that he identified Defendant's picture from a photo array as the shooter was inadmissible and prejudicial hearsay when Mr. Lyles failed to appear pursuant to his subpoena, and was never available to be cross-examined.
>
> **Ground Three:** Defendant was prejudiced when court failed to merge multiple counts for identical conduct in voilation [sic] of the Double Jeopardy Clause Clause [sic] of the United States Constitution.
>
> **Supporting Facts:** Defendant could only be convicted of a single count of felonious assault where he fired only a single shot, and only a single individual was injured, and there was no evidence of a separate animus or intent to injure any other individuals & discharge of a firearm near prohibited premises and felonious assault are allied offenses of similar import, and should have been merged for purpose of conviction and sentence.
>
> **Ground Four:** Defendant was denied the effective assistance of counsel in violation of the Sixth Amendment.
>
> **Supporting Facts:**
> A) Counsel was ineffective for failing to object to any use of Defendant's post-arrest silence, including his decision not to testify, as substantive evidence of guilt.
> B) Counsel was ineffective for failing to object to hearsay testimony about a photo identification by a witness who never testified or became available for cross-examination.
> C) Counsel was ineffective for failing to argue for merger of allied offenses prior to sentencing, and for failing to object to consecutive sentences for those offenses.

(Petition, Doc. No. 4, PageID 47-52.)

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). But the exhaustion doctrine applies to the claims made in the federal petition, not to any possible attack on the conviction. In this case, the claims made in the Petition do not duplicate or overlap at all with the claims made in the motion to vacate in state court.

Nor is it the case that the claim made in the motion to vacate could ever ripen into a federal habeas claim. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010);*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62 (1991). But there is no violation of the United States Constitution in confining a person on a judgment which omits mention of a mandatory – under state law – term of post-release confinement.

The Motion to Place the Petition in Abeyance is therefore denied.

December 28, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge